UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Misc. No. 06-14-P-H |
| | ) | |
| LISE L. McLAIN, | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM DECISION ON MOTION TO STRIKE AND*
*RECOMMENDED DECISION ON PETITION FOR HABEAS CORPUS*

The instant action commenced on February 15, 2006 with the filing by the government of a petition to enforce an Internal Revenue Service ("IRS") summons. *See* Petition To Enforce Internal Revenue Service Summons (Docket No. 1). Among the matters now pending are respondent Lise L. McLain's petition for a writ of habeas corpus and motion to strike the government's response to that petition. *See* Petition for Writ of Habeas Corpus (Non-Statutory), Bond, and Affidavit ("Habeas Petition") (Docket No. 8); Notice of Request To Strike the Reply Dated April 26, 2006 for Failure To Answer Timely ("Motion To Strike") (Docket No. 12). For the reasons that follow, I deny the Motion To Strike and recommend that the Habeas Petition be denied.

**I. Analysis**

**A. Motion To Strike**

McLain seeks to strike the government's response to her habeas petition on the ground that it was filed one day late. *See* Motion To Strike. The government admits that its response was filed one

day late but asserts that its tardiness was caused by the reassignment of the matter from one Assistant United States Attorney ("AUSA") to another and the second AUSA's attempt to confer with the IRS revenue officer assigned to the matter, who is extremely busy and difficult to contact. *See* Response to Request To Strike (Docket No. 13) at 1. The government also argues that McLain was not prejudiced by the delay. *See id*. at 1-2. As the First Circuit has observed, "[a] district court possesses great leeway in the application and enforcement of its local rules[,]" although its broad discretion "is not unbridled." *United States v. Roberts*, 978 F.2d 17, 20 (1st Cir. 1992). Factors that inform decision-making whether a belated filing should be excused include: "(1) the nature of the case, (2) the degree of tardiness, (3) the reasons underlying the tardiness, (4) the character of the omission, (5) the existence *vel non* of cognizable prejudice to the nonmovant in consequence of the omission, (6) the effect of granting (or denying) the motion on the administration of justice, and (7) whether the belated filing would, in any event, be more than an empty exercise." *Id*. at 21-22.

In this case, weighing the totality of relevant factors, it is apparent that the government's tardiness should be excused. While the proffered excuse of difficulty contacting a busy client is hardly compelling, the government's response, which clearly has merit, was filed only one day late. There was no cognizable prejudice to McLain. Accordingly, the Motion To Strike is denied.

### B. Habeas Petition

As the government points out, *see* Response to Respondent's Application for Writ of Habeas Corpus (Docket No. 9) at 1, the largely incoherent Habeas Petition appears to seek a writ on the ground that McLain's "liberties are now being restrained by EVAN J. ROTH, the keeper of the key, dba Assistant United States Attorney regarding the UNITED STATES OF AMERICA in this matter[,]" inasmuch as (i) for various reasons, in McLain's view, Roth has no right to pursue the instant IRS enforcement petition against her, and (ii) Roth is interfering with her commercial interests "by publicly

2

advertising false statements to [her] detriment[.]"  Habeas Petition at 2-3.

McLain's petition is patently meritless.  A writ of habeas corpus is available only to those "in custody."  28 U.S.C. §§ 2241-42, 2254, 2255.  While the concept of "custody" for habeas purposes has broadened beyond literal incarceration, "one constant has not changed over time: he who seeks the succor of habeas corpus must be subject then and there to restraints not shared by the public generally, and at the least, to some type of continuing governmental supervision."  *Lefkowitz v. Fair*, 816 F.2d 17, 19 (1st Cir. 1987) (citations and internal quotation marks omitted).  Specifically, "[h]e who seeks the writ must be incarcerated, or under imminent threat of incarceration, in order to meet the custody requirement of the habeas statute."  *Id*. at 20; *see also, e.g., Corrigan v. County of Adams*, No. CV-06-034-LRS, 2006 WL 1455657, at *1 (E.D. Wash. May 25, 2006) (habeas petitioner who had already served sentence of conviction, was not on probation, parole or supervised release and could come and go as he pleased, and whose future incarceration was a speculative possibility depending entirely on contingencies well within his control, was not "in custody" for habeas purposes).  Like the petitioner in *Corrigan*, McLain falls well short of making the required threshold showing.  Accordingly, I recommend that the Habeas Petition be denied.

## II. Conclusion

For the foregoing reasons, I **DENY** the Motion To Strike and recommend that the Habeas Petition be **DENIED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de</u> <u>novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof.  A responsive memorandum and any request for oral*

*argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 2nd day of June, 2006

<u>/s/ David M. Cohen</u>
David M. Cohen
United States Magistrate Judge
